RENDERED: APRIL 2, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1763-MR

KIRBY BRYAN RUANO                                       APPELLANT

                   APPEAL FROM FAYETTE CIRCUIT COURT
v.                 HONORABLE ERNESTO M. SCORSONE, JUDGE
                   ACTION NO. 12-CR-01233-003

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, MCNEILL, AND L. THOMPSON, JUDGES.

ACREE, JUDGE: Kirby Bryan Ruano, *pro se*, appeals the Fayette Circuit Court's order denying his post-conviction motion for relief. We affirm.

**FACTS AND PROCEDURE**

       In 2012, Ruano was indicted by the Fayette County Grand Jury on charges of murder and first-degree robbery. Prior to trial, Ruano agreed to plead guilty to the murder charge, based on a sentence of thirty years and to the charge of robbery, based on a concurrent ten-year sentence for a total sentence of thirty

years. After conducting a plea colloquy, the trial court determined Ruano entered into the plea agreement voluntarily and intelligently and accepted the plea agreement. Prior to sentencing, however, Ruano filed a motion to withdraw his plea. The trial court denied the motion and sentenced Ruano in accordance with the plea agreement.

Ruano appealed the denial of his motion to withdraw, as a matter of right, to the Kentucky Supreme Court.[1] That Court vacated the order denying Ruano's motion to withdraw his guilty plea, concluding that the trial court's "informal disposition of Ruano's motion to withdraw his guilty plea compromised his right to conflict-free counsel." *Ruano v. Commonwealth*, No. 2014-SC-000469-MR, 2015 WL 9243549, at *1 (Ky. Dec. 17, 2015). The case was remanded for further proceedings.

On remand, Ruano again moved to withdraw his guilty plea, asserting he was pressured into accepting the Commonwealth's offer, rendering his plea involuntary. The trial court heard arguments from both sides, including Ruano's new conflict-free counsel, but denied his motion. Ruano again appealed to the Kentucky Supreme Court. The Supreme Court affirmed. *Ruano v. Commonwealth*, No. 2017-SC-000026-MR, 2018 WL 1417465 (Ky. Mar. 22, 2018).

---

[1] KY. CONST. § 110(2)(b).

Subsequently, Ruano filed a RCr[2] 11.42 motion to vacate his sentence. He argued, in part, that he was incompetent to stand trial, and his counsel was ineffective for failing to raise this issue before the trial court. (Trial Record (T.R.) at 352-354.) The trial court concluded that the record did not support his claim, stating that Ruano's ability to understand and make rational decisions was addressed during his plea colloquy. In addition, it noted that the Supreme Court had already addressed his ability to understand and enter into a knowing and intelligent plea during his second appeal. Accordingly, the trial court denied his motion without conducting an evidentiary hearing. (T.R. at 398-399.) This appeal followed.

## ANALYSIS

On appeal, Ruano asserts: (1) his counsel was ineffective for failing to bring to light his incompetency to stand trial and enter into his plea agreement; (2) the trial court erred by not holding an evidentiary hearing; and (3) the trial court erred when it allowed the Department of Public Advocacy ("DPA") to withdraw as counsel. We first address Ruano's ineffective assistance claim.

Every defendant is entitled to reasonably effective, but not necessarily errorless, counsel. *Fegley v. Commonwealth*, 337 S.W.3d 657, 659 (Ky. App. 2011). In evaluating a claim of ineffective assistance of counsel, we apply the

---

[2] Kentucky Rules of Criminal Procedure.

familiar "deficient-performance plus prejudice" standard first articulated in *Strickland v. Washington*, 466 U.S. 688, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984).

Under this standard, the movant must first prove his counsel's performance was deficient. *Id.* at 687, 104 S. Ct. at 2064. To establish deficient performance, the movant must show that counsel's representation "fell below an objective standard of reasonableness" such that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment[.]" *Commonwealth v. Tamme*, 83 S.W.3d 465, 469 (Ky. 2002); *Commonwealth v. Elza*, 284 S.W.3d 118, 120-21 (Ky. 2009).

Second, a movant must prove counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. That requires the movant to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

Ruano argues that his decision to first plead guilty, then withdraw his plea, demonstrated "erratic behavior" and an "inability to make a conscious decision" about whether he wanted to accept the plea offer. He asserts this behavior created an inference of incompetence, which his counsel should have brought to the trial court's attention. We disagree.

A defendant's indecision regarding a plea agreement is a common occurrence in our criminal justice system, one which does not equate to incompetence. More importantly, this type of common behavior would not suggest to Ruano's counsel that Ruano was not competent to stand trial or that he was unable to understand his plea agreement.

Legal incompetency to stand trial means that "as a result of mental condition, [there is a] lack of capacity to appreciate the nature and consequences of the proceedings against one or to participate rationally in one's own defense[.]" KRS[3] 504.060(4). The Supreme Court resolved any concerns relating to Ruano's competency in his second appeal. Although addressing whether he voluntarily entered into the plea, that Court noted:

> At the plea hearing, the trial court engaged in approximately six minutes of colloquy with Ruano to ensure that he understood his plea and its consequences. Ruano, while under oath, acknowledged that he had no mental problems and was not sick or under the influence of any substance that would make it difficult for him to understand what was happening; that he discussed the plea with his attorney, had enough time for discussions, and had no complaints about her representation; that he read the guilty plea form and understood it; that he understood the implications of the plea, including the resulting waiver of constitutional rights; that he understood the possibility of these felonies being used to increase the penalty on any future charges; and that no threats or promises were made to induce him to enter the plea. Ruano's counsel indicated that she explained everything to Ruano and, in her opinion,

---

[3] Kentucky Revised Statutes.

he understood the circumstances surrounding the plea. Assisted by counsel, Ruano reviewed and signed the plea form.

. . . Ruano's declarations, made under oath, indicate that he understood the plea, considered the plea, and knew the consequences of taking the plea. Ruano had many opportunities to express reservations or indicate unwillingness to enter the plea, but he failed to do so.

*Ruano*, 2018 WL 1417465, at \*3.

Ruano's acknowledgement that he had no mental problems, along with his ability to fully understand his plea agreement, including an understanding of the underlying charges, defeats his argument. In addition, it resolves any question whether he intelligently entered into his plea. Because the trial court was able to resolve Ruano's contentions from the face of the record, he was not entitled to an evidentiary hearing. RCr 11.42(5).

Ruano next asserts the trial court erred by allowing DPA counsel to withdraw. Not every movant is entitled to counsel in a post-conviction proceeding. *Fraser v. Commonwealth*, 59 S.W.3d 448, 451 (Ky. 2001). But, if an evidentiary hearing is mandated, then the trial court shall appoint counsel to represent an indigent defendant. RCr 11.42(5).

As explained above, the claims raised by Ruano are refuted by the record and thus insufficient to justify relief under *Strickland*. An evidentiary

hearing was not warranted and, accordingly, Ruano was not entitled to appointment of counsel.

## CONCLUSION

We affirm the Fayette Circuit Court's order denying Ruano's RCr 11.42 motion for post-conviction relief.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kirby Ruano, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky